IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| **Renita Kalisz,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No:  1:18-cv-00516-CMH-TCB |
| | ) | |
| **Bank of America, N.A.,** | ) | |
| Defendant, | ) | |

**AMENDED COMPLAINT**

NATURE OF COMPLAINT

1. This is an action for damages against Bank of America, N.A. (hereafter defendant) for a violation of the Equal Credit Opportunity Act, whereby defendant refused to allow plaintiff, Renita Kalisz, to make her monthly payment in retaliation for asserting her rights under the Consumer Credit Protection Act.  By reason of defendant's actions, Plaintiff has suffered actual damages as well as damage to her credit rating.  Additionally, Plaintiff requests the $10,000 punitive damages permitted by 15 U.S.C. § 1691 for each month of willful misconduct on the part of defendant, as well as, the costs of this litigation, including reasonable attorney's fees.  Plaintiff also requests equitable relief requiring defendant to cease reporting Plaintiff's account as delinquent, remediate all negative credit reporting by defendant and waive payments that were blocked beginning February 2018 until this case is resolved.

Thus, Plaintiff alleges the following on information and belief, except as to those allegations which pertain to Plaintiff:

**JURISDICTION AND VENUE**

2. Plaintiff is a natural person residing in Fairfax County, Virginia.

3. Defendant is a corporation which has its principal place of business in North Carolina but is registered to and regularly does business in the Commonwealth of Virginia.

4. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law, specifically 15 U.S.C. § 1691.

5. Venue lies in this Court because Plaintiff's original action was filed in the General District Court for Fairfax County, Virginia.

**FACTS**

6. October 2005, Plaintiff and defendant entered into an agreement in which defendant issued a $150,000 Home Equity Line of Credit secured by the aforementioned property owned by Plaintiff hereafter referred to as "the Agreement."

7. The interest was recorded against Plaintiff's property in the official records in Fairfax County, Virginia.

8. On February 17, 2017, Plaintiff filed a lawsuit against defendant in the Small Claims Division of the Fairfax County General District Court, alleging violations of the Real Estate Settlement Procedures Act *12 U.S.C. § 2605*.

9. Upon removal to Fairfax County General District Court, Plaintiff alleged violations of the Truth in Lending Act *12 CFR § 1026.13*, Virginia Consumer Protection Act *Va. Code § 59.1-196*, and the Fair Credit Reporting Act *15 U.S.C. § 1681*.

10. Plaintiff's action continued to the Fairfax County Circuit Court and came to term on January 22, 2018.

11. Throughout the contractual relationship between Plaintiff and defendant, Plaintiff has almost exclusively made monthly payments to defendant telephonically via automated payment system.

12. Beginning in January of 2018, defendant no longer allowed Plaintiff to make her monthly payment telephonically via automated payment system or through customer service, instead eventually transferring her to the legal department to accept payment.

13. In February of 2018, Plaintiff again attempted to make her monthly payment and again, after a lengthy process, was transferred to the legal department to accept payment.

14. On March 5, 2018, Plaintiff again attempted to make her monthly payment to defendant, but this time defendant did not transfer her to the legal department for payment, instead refusing to service the loan and requiring payments be made "counsel to counsel."

15. Defendant's other customers similarly situated to Plaintiff, in that they are under a contractual obligation to make monthly payments to defendant, have been continuously and remain able to make their monthly payment to defendant telephonically.

16. Despite numerous requests, defendant has not provided clarity or instruction to Plaintiff or counsel on how to make a payment via the "counsel to counsel" requirement.

17. Defendant has willfully chosen to block Plaintiff's monthly payment since February 2018 and instead charged Plaintiff late fees, reported Plaintiff delinquent to credit reporting agencies, and initiated acceleration/foreclosure proceedings.

18. Plaintiff was current on all of her obligations to defendant at the time of first blocked payment.

19. Upon information and belief, Defendant's unequal treatment of Plaintiff was based solely on Plaintiff's assertion of her rights under the Consumer Credit Protection Act which constitutes prohibited discrimination under 15 U.S.C. § 1691.

20. 15 U.S.C. 1691(e) provides an aggrieved party recovery of punitive damages up to $10,000, (per violation) as well as the costs and fees associated with bringing such action.

21. As a proximate result of defendant's conduct, Plaintiff was not confident in renting her property and lost $9,600.00 in rental income.

22. As a proximate result of defendant's conduct, Plaintiff has been wrongfully charged numerous late fees and suffered monetary damages.

23. As a proximate result of defendant's conduct, Plaintiff suffered extensive damage to her credit rating, negatively affecting future credit approvals and interest rates.

24. As a proximate result of defendant's conduct, Plaintiff has suffered emotional stress in being prevented from making her payment, as well as, the stress accompanying destruction of credit rating and loan acceleration.

**WHEREFORE, PREMISES CONSIDERED**, **PLAINTIFF** respectfully prays that upon a final hearing of the case, judgment be entered for the Plaintiff for actual, punitive damages in the amount of $56,600.00, the costs of this litigation including reasonable attorney's fees, equitable relief requiring credit repair, and any other relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

### DEMAND FOR JURY TRIAL

The Plaintiff, Renita Kalisz, hereby demands a trial by jury on all issues which a jury may hear as a matter of law.

Respectfully Submitted,
Renita Kalisz

By counsel: /s/ *Justin L. Criner*

_____
Justin L. Criner (VSB #90649)
Criner Law Office, PLLC
P.O. Box 2252
Stafford, VA 22555
804-674-1905 (phone)
703-563-7418 (fax)
jcriner@crinerlaw.com

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was filed using the CM/ECF system to provide Notice of Electronic Filing (NEF) to:

**Heather B. Chaney, Esq.**
**1750 Tyson's Boulevard, Suite 1800**
**McLean, VA 22102**

**Counsel for Defendant**

/s/ *Justin L. Criner*
_____
Justin L. Criner (VSB #90649)
Criner Law Office, PLLC
P.O. Box 2252
Stafford, VA 22555
804-674-1905 (phone)
703-563-7418 (fax)
jcriner@crinerlaw.com
Counsel for Plaintiff