IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

RENITA KALISZ, )
  )
  Plaintiff, )
  )
  )
v. ) Civil Action No. 1:18-cv-00516
  )
  )
BANK OF AMERICA, N.A., )
  )
  Defendant. )

**<u>Memorandum Opinion</u>**

THIS MATTER comes before the Court on Defendant Bank of America, N.A.'s ("BANA") Motion to Dismiss pursuant to Rule 12(b)(6) for failure to state a claim.

Plaintiff brings this case alleging a violation of the Equal Credit Opportunity Act ("ECOA") by BANA when it refused to allow Plaintiff to make monthly payments on a loan in retaliation for Plaintiff asserting her rights under the Consumer Credit Protection Act in a state court action.

Plaintiff's Complaint alleges that in October 2005, Plaintiff and BANA entered into an agreement in which she took out a line of credit with BANA in the amount of $150,000 and executed the Bank of America Equity Maximizer Agreement and Disclosure Statement ("Agreement"), which governs the line of credit. On February 17, 2017, Plaintiff filed suit against BANA in the Small Claims Division

of the Fairfax County General District Court, alleging violations of the Real Estate Settlement Procedures Act. 12 U.S.C. § 2605. Upon removal, Plaintiff alleged violations of the Truth in Lending Act (12 CFR § 1026.13), Virginia Consumer Protection Act (Va. Code § 59.1-196), and the Fair Credit Reporting Act (15 U.S.C. § 1681).

Regarding the Agreement between Plaintiff and BANA, Plaintiff alleges she "almost exclusively made monthly payments to BANA telephonically via an automated payment system" throughout the duration of the Agreement. Plaintiff alleges beginning in January 2018, BANA no longer allowed Plaintiff to make payments telephonically via automated payment system or through customer service. Plaintiff alleges at that time, she began having to make payments through the legal department at BANA. Plaintiff alleges that when she tried to make her February monthly payment, she was again denied the opportunity to make payments telephonically and had to make her payment through the BANA legal department. Plaintiff alleges on March 5, 2018 she again attempted to make her monthly payment to BANA but BANA refused to service the loan and was told the payments must be made "counsel to counsel."

Plaintiff alleges that BANA has "willfully chosen to block Plaintiff's monthly payment since February 2018 and instead charged Plaintiff late fees, reported Plaintiff delinquent to credit reporting agencies, and initiated acceleration/foreclosure proceedings." Plaintiff alleges that Defendant's treatment of her

was based solely on her assertion of her rights under the Consumer Credit Protection Act in state court. Plaintiff alleges that as a proximate result of BANA's conduct, Plaintiff lost $9,600 in rental income, was wrongfully charged numerous late fees and suffered monetary damages, suffered extensive damage to her credit rating, and suffered emotional stress in being prevented from making payments on her line of credit. Plaintiff requests punitive damages in the amount of $56,600.00.

Defendant BANA replied to Plaintiff's complaint with a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted. BANA asserts in its motion to dismiss a lack of standing by Plaintiff to bring the suit. The Court must determine whether Plaintiff has alleged sufficient facts to sue under the alleged cause of action, the Equal Creditor's Opportunity Act. 15 U.S.C. § 1691.

A motion to dismiss tests the sufficiency of the complaint. See Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In a Rule 12(b)(6) motion to dismiss, the court must accept all well-pled facts as true and construe those facts in the light most favorable to the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The complaint must provide a short and plain statement showing that the pleader is entitled to relief, Fed. R. Civ. P. 8(a)(2), and it must state a plausible claim for relief to survive a motion to dismiss, Iqbal, 556 U.S. at 679.

The court does not accept as true any "unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Markets, Inc. v. J.D. Associates Ltd., 213 F.3d 175, 180 (4th Cir. 2000). If the complaint does not state a plausible claim for relief, the court should dismiss the claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Plaintiff's Complaint fails to allege sufficient facts and claims to establish that she is entitled to relief under the ECOA, failing to establish sufficient facts to show she is the type of claimant which the statute seeks to protect. To have standing, Article III of the Constitution requires that the Plaintiff must have suffered or be imminently threatened with a concrete and particularized "injury in fact" that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision. See Lexmark Intern., Inc. v. Static Control Components, 572, U.S. 118, 125 (2014). The question for the Court to determine is whether Plaintiff falls within the class of plaintiffs whom Congress has authorized to sue under the statute, and thus has a cause of action under the statute. Id at 128. To determine this type of statutory standing, the Court must determine the meaning of the congressionally enacted provision creating a cause of action by using traditional principles of statutory interpretation. Id. We must first look at the plain meaning of the statute which Plaintiff seeks to bring this cause of action.

4

Plaintiff alleges she was discriminated against unlawfully under the Equal Creditor's Opportunity Act, which states, in pertinent part: "(a) It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transition—" (emphasis added).

The text of the statute defines the term "applicant" as "any person who applies to a creditor directly for an extension, renewal, or continuation of credit, or applies to a creditor indirectly by use of an existing credit plan for an amount exceeding a previously established credit limit." 15 U.S.C. § 1691a(b).

Plaintiff does not allege she applied for an extension, renewal, or continuation of credit during the time frame she alleges discrimination. Nor does Plaintiff allege she indirectly applied for an amount exceeding her established credit limit with BANA. The Complaint alleges the discrimination occurred during the servicing of her existing line of credit established in 2005. Because the Complaint fails to establish any facts that Plaintiff sought to apply for a new loan, or an extension or renewal of her existing loan during the time when she was allegedly discriminated against, this Court finds Plaintiff is not an "applicant" within the plain meaning of the ECOA. Therefore, Plaintiff is not authorized to sue under the Act. See Gorham-DiMaggio v. Countrywide Home Loans, Inc., 592 F. Supp. 2d 283, 291 (N.D.N.Y. 2008), aff'd, 421 F. App'x 97 (2d Cir. 2011)(dismissing plaintiff's ECOA claims because

plaintiff's claims related to the servicing of her existing loan, and therefore, was not an applicant under the plain meaning of the statute). Because Plaintiff does not fall within the class of plaintiffs authorized to sue under the statute, she does not have a cause of action under the ECOA and lacks standing to bring the current action.

Plaintiff cites to the regulatory definition in 12 C.F.R. 202.2(e) defining an applicant as "any person who requests or who has received an extension of credit from a creditor…", arguing she is an applicant under this definition. However, Plaintiff has failed to cite any case law or establish any reason why the regulatory definition of "applicant" should control over the definition of "applicant" in the plain meaning of the statute. Therefore, the Court does not find the definition of "applicant" under the regulations to be controlling over the plain meaning of the words in the statute.

For the foregoing reasons, Defendant BANA's Motion to Dismiss should be granted.

Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
September 11, 2018